UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:22-CV-563-CRS-RSE

VICTOR H.                                                                                   PLAINTIFF

v.

MARTIN O'MALLEY,
*Commissioner of the Social Security Administration*[1]            DEFENDANT

## MEMORANDUM OPINION & ORDER

The Commissioner of Social Security denied Victor H.'s ("Claimant's") claims for supplemental security income under Title XVI of the Social Security Act. Claimant seeks judicial review of that decision pursuant to 42 U.S.C. § 405(g). This matter was referred to United States Magistrate Judge Regina S. Edwards for preparation of a report and recommendation. On January 18, 2024, Magistrate Judge Edwards issued her Report which recommends that the Commissioner's decision be affirmed. DN 23. On January 25, 2024, Claimant filed timely Objections to the Report. DN 24. Thus, this matter is now before the court for consideration of Claimant's Objections.

## I. Background

This is a consolidated claim. Claimant, who suffers from intermittent explosive disorder, anxiety, depression, personality disorder, and borderline intellectual functioning, filed his first SSI application on November 8, 2017. His first claim was denied initially, on reconsideration, and by an ALJ after a hearing. Claimant sought judicial review in this court, and the matter was remanded to the Commissioner for further proceedings.[2]

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023. Pursuant to FED. R. CIV. P. 25(d), he is substituted for former Acting Commissioner Kilolo Kijakazi.

[2] *See Hardy v. Comm'r of Soc. Sec.*, No. 3:20-cv-424-BJB-CHL, 2021 WL 790685 (W.D. Ky. July 23, 2021), *report and recommendation adopted* (W.D. Ky. Sept. 13, 2021).

Claimant filed his second SSI application on July 15, 2020. His second claim was denied initially and on reconsideration. A telephonic hearing was held on January 4, 2022. After the hearing, but before the ALJ rendered a written decision, the Appeals Council ordered the second claim to be consolidated with the first, remanded claim. On May 17, 2022, a second telephonic hearing was held. At the hearing, the ALJ indicated that he drafted a decision based on the January 2022 hearing, but, after the claims were ordered consolidated, he did not issue it. Thus, the May 2022 hearing addressed the entire period of both consolidated claims. On June 28, 2022, the ALJ issued a written decision concluding that Claimant was not disabled within the meaning of the Social Security Act. Claimant requested review by the Appeals Council. His request was denied on December 16, 2022. As a result, the ALJ's decision became final and subject to judicial review. 42 U.S.C. §§ 405(g) and (h); 20 C.F.R. § 422.210(a).

## II. Standard of Review

The court conducts a de novo review of the portions of Magistrate Judge Edwards' Report to which Claimant has filed timely and specific written objections. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). "A general objection to the entirety of the magistrate [judge's] report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). To be specific, objections must "pinpoint those portions of the" magistrate judge's "report that the district court must specifically consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). After considering all specific objections, the court may accept, reject, or modify, in whole or in part, the findings and recommendations made by Magistrate Judge Edwards. 28 U.S.C. § 636(b)(1)(C).

In reviewing findings by an ALJ, the court must determine whether those findings are supported by substantial evidence and made pursuant to proper legal standards and nothing more.

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation marks omitted). An administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012).

## III. Analysis

Before Magistrate Judge Edwards, Claimant took issue with several aspects of the ALJ's written decision. Claimant's Fact & Law Summary, DN 13. Namely, Claimant argued that (1) he was deprived of a due process right to access a transcript of the January 2022 hearing to prepare for his May 2022 hearing, *id.* at 2–3; (2) because no transcript was made of the January 2022 hearing at the administrative level, the ALJ failed to consider the content of the hearing in rendering his written decision, thus undermining the evidentiary sufficiency of his decision, *id.*; (3) because the decision the ALJ drafted following the January 2022 hearing was not filed into the administrative record, the ALJ failed to consider its content in rendering his written decision, thus undermining the evidentiary sufficiency of his decision, *id.*; (4) the ALJ inadequately discussed the applicability of Listing 12.08 at step-three of the sequential analysis, *id.* at 3–7; and (5) the ALJ failed to comply with 20 C.F.R. § 404.1520c(b)(2)'s articulation requirement by not considering the supportability and consistency of Dr. Brandon Dennis' 2018 opinion. *Id.* at 7–9. Magistrate Judge Edwards rejected all of Claimant's arguments. Report, DN 23 at 5–17.

Claimant lodges three Objections to Magistrate Judge Edwards' Report. Objections, DN 24. In Claimant's first Objection, he challenges Magistrate Judge Edwards' conclusion that remand is not required where the administrative record did not include the ALJ's draft decision

and a transcript of the January 2022 hearing. *Id.* at 1–6. Claimant's second Objection takes issue with Magistrate Judge Edwards' finding that the ALJ adequately considered the applicability of Listing 12.08. *Id.* at 6–8. Claimant's third Objection is that Magistrate Judge Edwards erroneously concluded that the ALJ complied with § 404.1520c(b)(2)'s articulation requirement. *Id.* at 8–11. For reasons fully expressed below, all three Objections cannot be sustained.

### A. Claimant's First Objection: The January 2022 transcript & draft decision

A transcript of the January 2022 hearing was not made part of the administrative record until Claimant filed this action in federal court, Supp. Admin. Rec., DN 17, so Claimant contends this matter should be remanded. Objections, DN 24 at 3. Claimant offers two reasons why: (1) the Commissioner's failure to furnish a copy of the transcript to him before the May 2022 hearing deprived him "of a substantial right" to adequately prepare for the May 2022 hearing, *id.* at 3; and (2) the ALJ did not consider a transcript of the January 2022 hearing when rendering his written decision, as evidenced by its omission from the exhibit list accompanying the decision. *Id.* at 4. Additionally, Claimant contends remand is warranted because the decision drafted by the ALJ after the January 2022 hearing was excluded from the administrative record. *Id.* at 1–2. Magistrate Judge Edwards rejected these arguments, Report, DN 23 at 5–7, and Claimant objects.

As Claimant's first two arguments turn on what is properly considered part of the "official record" in disability cases, 20 C.F.R. § 416.1451 is the natural starting point. That regulation provides that "[a]ll evidence upon which the administrative law judge relies for the decision must be contained in the record, either directly or by appropriate reference." *Id.* at (b). It then specifies that the "official record" "will contain all of the marked exhibits and a verbatim *recording* of all testimony offered at the hearing." *Id.* (emphasis added). A transcript of the

hearing, however, is prepared in only three circumstances: where (1) the case is sent to the Appeals Council *without a decision*, or with an ALJ's *recommended* decision, *id.* at (a)(1); (2) the claimant seeks judicial review, and the Commissioner opposes remand, *id.* at (a)(2); or (3) an ALJ or the Appeals Council *requests* a transcript of the hearing be prepared. *Id.* at (a)(3).

A plain reading of § 416.1451 forecloses Claimant's first two arguments. Claimant simply did not have a due process right to access a transcript of the January 2022 hearing to prepare for the May 2022 hearing. *Id.* at (b) (only a recording of the hearing must appear in the official record). Moreover, as the ALJ was under no obligation to request a transcript be made, the transcript's omission from the decision's exhibit list is not cause for concern. *Id.* at (a)(3) (an ALJ may request a transcript be made but need not do so).

Claimant's third argument is similarly unavailing. Magistrate Judge Edwards found that the ALJ did not issue an official decision following the January 2022 hearing and, thus, it was not missing from the administrative record. Claimant objects to this finding and submits that "the facts surrounding" the ALJ's "pulled back" January 2022 "decision are not clear." Objections, DN 24 at 2. Claimant hinges this argument on the ALJ's initial uncertainty at the May 2022 hearing as to whether he issued a decision or whether he simply prepared a draft decision. *Id.* (referencing Admin. Rec., DN 11 at 875, 877, 878).

It is true that the ALJ initially thought he issued a decision following the January 2022 hearing. Admin. Rec., DN 11 at 875. However, after Claimant's counsel indicated that he never received a decision, the ALJ relayed he may have "pulled it back" due to the claims being consolidated. *Id.* at 876. Shortly after, the ALJ provided more context:

> I think what happened was we started to draft a Decision. We started doing some stuff. The -- in the interim, before the Decision went out, and I'm vaguely remembering it now, I think my office

> said, 'hey, we got all this information in now; do you want to just consolidate it and wait? And I said, yes, let's do that.

*Id.* at 877. Immediately after, Claimant's counsel asked the ALJ whether he would be "comfortable with sharing . . . what the Decision was that you were going to issue." *Id.* at 878. The ALJ responded that he did not have the draft decision in front of him, adding that he would have to "dig [it] up." *Id.*

This conversation between the ALJ and Claimant's counsel, coupled with the decision's nonappearance in the administrative record, overwhelmingly demonstrate that the ALJ drafted, but did not issue, a decision following the January 2022 hearing. As rightly relayed by Magistrate Judge Edwards, "Claimant is not entitled to information contained in an unofficial, drafted decision." Report, DN 23 at 7.

### B. Claimant's Second Objection: Listing 12.08's applicability

Claimant contends the ALJ improperly determined that Listing 12.08 was inapplicable to him, and that Magistrate Judge Edwards erred in concluding same. Objections, DN 24 at 6–8. The court detects no error in Magistrate Judge Edwards' Report.

Listing 12.08 of Appendix 1[3] governs "personality and impulse-control disorders." The listing is composed of two criteria, commonly referred to as the "A" criteria (medical documentation) and "B" criteria (mental functioning limitations). Appendix 1 at § 12.08. Where both criteria are met, a claimant is automatically disabled. *Sullivan v. Zebley*, 493 U.S. 521, 532 (1990). Where either criteria are not met, the ALJ must conclude that the claimant's impairment or combination of impairments does not meet or medically equal the listing. *Id.* at 530.

Claimant challenged the ALJ's "B" criteria findings. The "B" criteria provide that where the "A" criteria are satisfied, a claimant is disabled under Listing 12.08 if he suffers from an

---

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

"extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:"

1. Understand, remember, or apply information (see 12.00E1).
2. Interact with others (see 12.00E2).
3. Concentrate, persist, or maintain pace (see 12.00E3).
4. Adapt or manage oneself (see 12.00E4).

*Id.* at (B).

The ALJ's discussion of the "B" criteria spans four pages of his decision. Admin. Rec., DN 11 at 850–53. For a variety of reasons, the ALJ determined Claimant suffers from only a moderate limitation as to all four criteria. *Id.* Magistrate Judge Edwards detected no error in this finding.

In Objection, Claimant asserts that Magistrate Judge Edwards, like the ALJ, erred in finding that Listing 12.08 was inapplicable because she "did not explain" how Claimant's "uncontradicted" "history of sociopathic behavior" and "multiple incarcerations" "is consistent with the conclusion of the ALJ and state agency doctors." Objections, DN 24 at 7. More particularly, Claimant contends the ALJ failed to explain "why there would be no problem" with Claimant "cooperating with others (strangers), handling conflicts with others, handling criticism, and keeping social interactions free of excessive irritability, sensitivity, and argumentativeness" -– in addition to failing to explain "the overall effect of" Claimant's limitations on his functioning. *Id.*

In so arguing, Claimant simply directs the court to evidence other than that relied on by the ALJ to support a disability finding, as opposed to attacking the evidentiary sufficiency of the ALJ's decision itself. Magistrate Judge Edwards observed the same. Report, DN 23 at 11. Such is insufficient, as an administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *Ulman*, 693 F.3d at 713.

Moreover, the ALJ adequately explained why Claimant's history of incarceration did not more than moderately limit his ability to interact with others: "his legal history is limited to theft and drug abuse, not violent behavior." Admin. Rec., DN 11 at 851. Likewise, the ALJ adequately explained why the impact of Claimant's severe impairments did not more than moderately limit his ability to interact with others: he "shops in stores and does have friends who at least drive him places and he has lived with family . . . despite reporting some problems in doing so"; he "can go out alone, and is capable of using public transportation that would involve some degree of social interaction"; and he did not complain of serious interpersonal problems to his treating or examining providers. *Id.* at 852.

For both reasons, Magistrate Judge Edwards did not err in concluding that the ALJ's Listing 12.08 analysis was supported by substantial evidence and complied with the regulations.

### C. Claimant's Third Objection: § 404.1520c(b)(2)'s articulation requirement

Claimant contends that Magistrate Judge Edwards' finding that the ALJ complied with § 404.1520c(b)(2)'s articulation requirement, and thus that his RFC determination is supported by substantial evidence, is incorrect for two reasons: (1) she coalesced in the ALJ's mischaracterization of Dr. Brandon Dennis' 2018 opinion, Objections, DN 24 at 8–10; and (2) the ALJ did not address the requirements of supportability and consistency by failing to explain his resolution of the internal inconsistencies of Dr. Dennis' 2018 opinion, *id.* at 10.

Claimant's first argument is premised on his submission that the ALJ added an unnecessary qualification, the word "appears", to Dr. Dennis' 2018 opinion: "'Dr. Dennis opined that the claimant 'appears' to be 'extremely limited' with regard to social interaction and 'probably' the same for accepting supervision and getting along with coworkers.'" *Id.* at 9–10 (quoting Admin. Rec., DN 11 at 856). A review of Dr. Dennis' opinion reveals that he, indeed,

did not directly qualify his opinion that Claimant's ability to interact socially with supervisors, co-workers, and the public is extremely limited with the word "appears." Admin. Rec., DN 11 at 623. However, he did so qualify his prognosis: "Current prognosis *appears* guarded." *Id.* (emphasis added).

In Claimant's view, Magistrate Judge Edwards likewise qualified Dr. Dennis' opinion such that the opinion appears vaguer than it is. In support of her contention, Claimant directs the court to one sentence of the Report: "ALJ Shimer pointed to Dr. Dennis' inclusion of vague adverbs in describing Claimant's limitations, indicating Dr. Dennis' own hesitancy as to the degree of recommended restrictiveness (e.g., Claimant's ability to tolerate the stress of work 'is *probably* markedly to extremely limited overall.')" *Id.* at 9 (quoting Report, DN 23 at 15 (emphasis in original)). To Claimant, that sentence proves Magistrate Judge Edwards blindly relied on the "ALJ's mischaracterization of Dr. Dennis'" opinion. *Id.*

However, Magistrate Judge Edwards did no such thing. In the paragraph preceding the sentence identified by Claimant, Magistrate Judge Edwards independently assessed Dr. Dennis' opinion and observed the following:

> Dr. Dennis opined that Claimant's ability to maintain effective social interaction on a consistent and independent basis with supervisors, co-workers, and the public *would be* extremely limited. He further opined that Claimant's ability to tolerate the stress and pressure of daily work activity in a competitive setting is *probably* markedly to extremely limited.

Report, DN 23 at 15 (emphasis added).

Simply put, Magistrate Judge Edwards did not mischaracterize Dr. Dennis' opinion. In fact, her account of the opinion aligns with Claimant's account. Thus, Claimant's first argument is meritless.

Claimant's second argument is likewise unavailing. While it is true that the ALJ did not expressly provide examples of the inconsistencies within Dr. Dennis' opinion, that does not mean he did not comply with § 404.1520c(b)(2)'s articulation requirement. Indeed, an ALJ's reasons for rejecting or adopting a medical opinion may be gleaned from elsewhere in the written decision: "meaningful judicial review exists – even if the ALJ provided only a cursory or sparse analysis – if the ALJ made sufficient factual findings elsewhere in the decision that supports her conclusion." *Booker R. v. Comm'r of Soc. Sec.*, No. 3:22-cv-170, 2023 WL 4247312, at *4–5 (S.D. Ohio June 29, 2023) (collecting cases); *Crum v. Comm'r of Soc. Sec.*, 660 F. App'x 449, 457 (6th Cir. 2016) (it is sufficient for an ALJ's reasons for determining the consistency of a medical opinion to be found elsewhere in the decision).

As observed by Magistrate Judge Edwards, Report, DN 23 at 15–18, the ALJ made several factual findings related to Dr. Dennis' 2018 opinion throughout his decision. *See, e.g.*, Admin. Rec., DN 11 at 847, 848, 851, 852, 853. These findings support the ALJ's conclusion that Dr. Dennis' opined limitations are inconsistent with Dr. Dennis' own objective medical findings. Specifically, Dr. Dennis' opined limitation that Claimant's ability to maintain effective social interaction with supervisors, co-workers, and the public would be extremely limited is undermined by the following objective medical findings of Dr. Dennis:

- Claimant has acceptable hygiene, *id.* at 847 (ALJ's decision), 621 (Dr. Dennis' opinion);

- Claimant's "mental health symptoms are generally controlled" as "he has had predominantly normal findings during mental status exams," *id.* at 851 (ALJ's decision), 622 (Dr. Dennis' opinion); and

- Claimant can shop in stores, has friends who drive him places, and has lived with family, *id.* at 852 (ALJ's decision), 621, 622 (Dr. Dennis' opinion).

Additionally, Dr. Dennis' opined limitation that Claimant's toleration for the stress and pressure of daily work activity is markedly to extremely limited is undermined by the following objective medical findings of Dr. Dennis:

- Claimant was reasonably reliable, *id.* at 847 (ALJ's decision), 621 (Dr. Dennis' opinion).

- Claimant had fair comprehension with a linear thought process, *id.* at 848 (ALJ's decision), 622 (Dr. Dennis' opinion);

- Claimant can concentrate and is mostly attentive, despite his dysphoric mood and nearly flat and constructed affect, *id.* at 848 (ALJ's decision), 622 (Dr. Dennis' opinion);

- Claimant was oriented and had sufficient remote memory with mostly intact recent memory, *id.* at 848 (ALJ's decision), 622 (Dr. Dennis' opinion);

- Claimant does not regularly behave in an overly distractible or slow manner, *id.* at 848 (ALJ's decision), 622 (Dr. Dennis' opinion); and

- Claimant is aware of normal hazards and takes appropriate precautions, *id.* at 848 (ALJ's decision), 622 (Dr. Dennis' opinion).

Thus, Magistrate Judge Edwards rightly found that the ALJ made sufficient factual findings "elsewhere in his decision" to satisfy § 404.1520c(b)(2)'s articulation requirement. Report, DN 23 at 16; *Booker R.*, 2023 WL 4247312, at *4–5. Accordingly, the court will overrule this Objection.

## IV. Conclusion

Upon review of Magistrate Judge Edwards' Report and Recommendation, the court concludes that Claimant's objections are meritless. Accordingly, Claimant's Objections, DN 24, are **OVERRULED** and Magistrate Judge Edwards' well-reasoned Report and Recommendation, DN 23, is **ADOPTED** in its entirety as the opinion of the court and is incorporated by reference herein.

A separate judgment will be entered contemporaneously with this Order.

There being no just reason for delay, this is a **final Order**.

March 8, 2024

Charles R. Simpson III, Senior Judge
United States District Court

Page **12** of **12**